**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4095**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LONNIE CECIL BUCHANAN, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:12-cr-00117-RJC-1)

Submitted: September 26, 2017                Decided: October 6, 2017

Before NIEMEYER, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Eric J. Foster, Asheville, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, Anthony J. Enright, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lonnie Cecil Buchanan, Jr., appeals his convictions for conspiracy to commit kidnapping, possession of a firearm by a convicted felon, using and carrying a firearm during a crime of violence, and two counts of witness tampering. Buchanan claims that the district court erred in denying his motion to withdraw his guilty plea. We affirm.

We review the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Bowman*, 348 F.3d 408, 413 (4th Cir. 2003). The Government suggests here that Buchanan did not adequately preserve his claim of ineffective counsel as grounds for the motion in the district court, and our review should be for plain error. *See United States v. Vonn*, 535 U.S. 55, 63 (2002) (holding failure to raise claim of Fed. R. Crim. P. 11 error in district court results in plain error review on appeal). We need not resolve the question of whether plain error review applies in this case, because Buchanan's claim fails under either standard.

"A defendant has no absolute right to withdraw a guilty plea, and the district court has discretion to decide whether a fair and just reason exists upon which to grant a withdrawal." *Bowman*, 348 F.3d at 413 (internal quotation marks omitted). Buchanan argues on appeal that he was constructively denied the assistance of counsel when he entered his plea. The entry of a guilty plea is a critical stage of the criminal proceedings, *Lee v. United States*, 137 S. Ct. 1958, 1964 (2017), and the constructive denial of counsel at this stage constitutes a Sixth Amendment violation and will render a plea involuntary and, thus, invalid. *See United States v. Smith*, 640 F.3d 580, 592-93 (4th Cir. 2011). "Such a constructive denial of counsel results from circumstances where the performance

2

of counsel is so inadequate that, in effect, no assistance of counsel is provided at all." *United States v. Moussaoui*, 591 F.3d 263, 289 (4th Cir. 2010) (alteration and internal quotation marks omitted).

Having carefully reviewed the record, we conclude that Buchanan's initial counsel performed well above this standard. We also reject Buchanan's argument that the district court failed to conduct a sufficient inquiry into the state of his relationship with counsel before accepting Buchanan's guilty plea. Buchanan did not request new counsel before entering his plea, and nothing in the record suggests that any breakdown in the attorney-client relationship prevented the ability to mount an adequate defense. *Cf. Smith*, 640 F.3d at 589-90, 594-95. We therefore hold that the district court did not abuse its discretion in denying Buchanan's motion to withdraw his plea.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*